## EPHRAIM ARNOLD *versus* LEVI ARNOLD.

It cannot be pleaded in bar to a writ of right, that in an action of an inferior degree between the same parties, in which the right of possession of the demanded premises was put in issue, this right depended entirely on the mere right of property, and that the question of the mere right of property was submitted to the jury, and decided against the demandant, and that judgment was rendered according to the verdict.

But a fact which is directly put in issue by the pleadings in the action of inferior degree, and established by the verdict and judgment, will conclude the parties in the writ of right.

WRIT of right, declaring on the demandant's seisin within thirty years. The tenant pleaded, 1. The general issue ; 2. That in 1830 an action of trespass *quare clausum fregit* was brought by one Israel Arnold against Ephraim, that Ephraim pleaded soil and freehold in himself, that issue was joined on that plea, that the jury found that the soil and freehold was not in Ephraim but in Israel, and assessed damages for Israel at one dollar, and that on this verdict judgment was rendered that Israel recover one dollar damages and costs of

suit, which judgment still remains in full force ; and Levi avers, that the close mentioned in that action is the same as the one now demanded, that all the right and title which were in Israel at the time of the rendition of that judgmen , were at the commencement of the present action and now remain vested in Levi ; that the question of fact submitted to the jury in the action of trespass, and on which the jury found a verdict, was the mere right of property between Israel and Ephraim, and that evidence was offered by both parties to the jury on the question of right of property ; and that Ephraim was not in any way barred of his right or prevented from recovery by any want of right of possession or right of entry, otherwise than by the fact of his want of property, and that the right of possession and entry, as it was presented to the jury, depended wholly upon the right of property ; and that the right, title and interest which Ephraim had at the time of the commencement of this action, is the same and no other than that by him held and possessed at the institution and trial of the action of Israel.

The tenant further pleaded, that in 1830 Israel brought a writ of entry against Ephraim, declaring on his own seisin within thirty years ; that the parties submitted the action to the determination of referees ; that the referees awarded that Israel was entitled to recover of Ephraim seisin of the land set forth in Israel's writ and declaration ; that the award was duly returned· to court and accepted, and judgment was there upon rendered that Israel recover seisin and possession, which judgment remains in force ; that the premises de-manded by Israel were the same premises that are now demanded by Ephraim in his writ of right ; that all the right, title and interest which was in Israel at the time of instituting his action against Ephraim, and to the time of the rendition of the judgment, was, at the time of instituting this action, and now is, vested in Levi ; that the question submitted to the referees, and on which they awarded in favor of Israel, was the mere right of property between Israel and Ephraim in the demanded premises, and that both parties were fully heard and evidence was offered by them on the mere right of property ; that Ephraim was not prevented from support-

1 *

<div style="margin-left:margin">Arnold<br>v.<br>Arnold.</div>

ing a good defence to his right of property by any want or failure in the right of possession or right of entry, provided he had the right of property, and the question as to the right of entry was wholly dependent upon the question of the right of property, and so was presented by the parties and so was adjudicated upon by the referees ; and that all the right, title and interest which Ephraim had in the demanded premises at the time of instituting this action, was the same which he had at the time of the institution of the suit against him by Israel.

To the two last pleas the demandant filed a general demurrer.

<div style="margin-left:margin">*Sept.* 10*th*,<br>1834.</div>

*Wells* and *Alvord*, in support of the demurrer, cited *Ferrer's case*, 6 Co. 7 ; 8 Amer. Jurist, 51, 330 ; *Hitchin* v. *Campbell*, 2 W. Bl. 827 ; *S. C.* 3 Wils. 304 ; Vin. Abr. *Bar*, (*A*) *pl.* 20 ; Com. Dig. *Action*, *L* ; Doctr. Plac. 65 ; Fitz. N. B. 1 ; Peake on Evid. (Norris's edit.) 64, 72, notes ; 11 Petersd. Abr. 704, note, and 712, note *a* ; Stearns on Real Actions, 81, 82 ; Jackson on Real Actions, 15, 283 ; Roscoe on Evid. 101 ; Rep. Temp. Hardwicke, 319 ; *Outram* v. *Morewood*, 3 East, 355 ; *Smith* v. *Sherwood*, 4 Connect. R. 276 ; *Blackham's case*, 1 Salk. 290 ; *Evelyn* v. *Hayne*, 3 East, 36, note ; *Church* v. *Leavenworth*, 4 Day, 274 ; *Ryer* v. *Atwater*, 4 Day, 431 ; 2 Gallison, 220 ; *Whittemore* v. *Whittemore*, 2 N. Hamph. R. 26 ; *Manny* v. *Harris*, 2 Johns. R. 24 ; *Vooght* v. *Winch*, 2 Barn. & Ald. 662 ; *Stafford* v. *Clark*, 2 Bingh. 381 ; *Hooper* v. *Hooper*, 1 M'Clellan & Younge, 509.

*J. C. Bates, C. A. Dewey, R. A. Chapman* and *Dickinson*, for the tenant, cited 3 Bl. Com. 193 ; Stearns on Real Actions, 350 ; 7 Dane's Abr. 689 ; Jackson on Real Actions, 283 ; *Kitchen* v. *Campbell*, 3 Wils. 304 ; Bac. Abr. *Trover*, *F*, 2 ; *Smith* v. *Whiting*, 11 Mass. R. 445 ; *Minor* v. *Walter*, 17 Mass. R. 237 ; Big. Dig. (2d edit.) 464 ; *Kent* v. *Kent*, 2 Mass. R. 338 ; 1 Stark. Evid. 198 ; *Rice* v. *King*, 7 Johns. R. 20 ; *Johnson* v. *Smith*, 8 Johns. R. 299 ; Viner's Abr. *Bar*, (*A*) *pl.* 10 ; *Outram* v. *Morewood*, 3 East, 355 ; *Gardner* v. *Buckbee*, 3 Cowen, 120 ; *Baxter* v. *New Engl. Mar. Ins. Co.* 6 Mass. R. 286 ; *Adams*

*v. Barnes*, 17 Mass. R. 367 ; *Betts* v. *Starr*, 5 Connect. R. 550 ; *Wood* v. *Jackson*, 8 Wendell, 9 ; *Standish* v. *Parker*, 2 Pick. 20.   [See 2d edit. of 2 Pick. 22, Perkins's notes.]

Arnold
*v.*
Arnold.

*Sept.* 22*d,*
1835.

PUTNAM J. delivered the opinion of the Court.   If the pleas in bar should be established, it would abolish the distinction between real actions which relate to the right of possession, and those wherein the right of property is to be determined.   It would overturn a uniform course of judicial decisions from the Year Books to the present day, under the notion that averments may be made and be legally proved by parol evidence, that the cause of action in a writ of right is the same that was tried in a writ of trespass *quare clausum*, or in a writ of entry sur disseisin.   It proposes to prove what all the books say is not the truth, viz. that the cause of action set forth in those writs, is the same : and to make this proof, not by the record and judgments, but by matters foreign to them ; by evidence upon which no issue has been joined by the parties, and of which the court cannot judicially inquire, or know.   The error lies at the threshold.   It is in the assumption, that the same cause of action was tried in the action of trespass *quare clausum*, upon an issue of soil and freehold, and the same cause of action was tried in the writ of entry sur disseisin, upon the issue of nul disseisin, as is to be tried in the writ of right : an assumption which must strike the mind of every lawyer as extraordinary.   Who needs to be told that the plea of soil and freehold would be supported by a defendant who should prove an estate for his life in the *locus in quo*, or that in a writ of right, the right of property is in question ?   Who needs to be told that the actions of trespass *quare clausum fregit*, and the various writs of entry, and the judgments upon them, affect only the right of possession and entry, and do not conclude as to the mere right ?   It will be answered, that nobody doubts these general positions, but that the pleas in bar, aver that the very right of property was tried in the actions of trespass and entry before brought, and that the now demandant had no legal impediment from giving in evidence, in support of the issues joined in those actions, the same matters that he now has to establish his right of property.   But how does that appear judicially ?

The plea avers, that the fact submitted to the jury in the action of trespass, and on which the jury found a verdict, was the mere right of property. The issue to be tried was upon the soil and freehold, and the verdict followed the issue. If the verdict had been upon the mere right of property, it could not have warranted a judgment for the prevailing party, on the issue of soil and freehold, for it might be that the plaintiff might have the right of property, and his adversary might have the right of possession. A man entitled to the herbage for the current season, might well maintain trespass *quare clausum fregit* against the owner of the fee. The judgment in such action would conclude the parties as to the rights drawn into question by the pleadings, but no farther. It is not contended that the judgment as appearing of record in the possessory actions, is to conclude the party in a writ of right, but the tenant proposes to add or supply by averments and parol evidence, what is not contained in the record in the possessory actions, in order to make out and maintain his plea in bar.

This subject came under the consideration of the Court in the case of *Standish* v. *Parker*, 2 Pick. 20. It was an action of trespass upon the case for a private nuisance, in which Parker, who was the original plaintiff, recovered against Standish *upon the general issue*. Standish petitioned for a new trial. The nuisance consisted in building a store upon a way appurtenant to the plaintiff's land. The nuisance was continued, and another action was brought ; and it was held that nothing was *conclusively* settled by the judgment in the former action, but the damages ; and that Standish might, in the second action, legally controvert Parker's right to the easement. The question really tried in the first action was, whether Parker had the right of way, and he recovered damages ; but inasmuch as the right of way was not specially pleaded and put in issue but the trial was upon the general issue, the verdict was held not to conclude Standish upon the point in controversy, touching the existence of Parker's right to the way. Vid. S. C. 3 Pick. 288 ; *Strutt* v. *Bovington*, 5 Esp. 56 ; *Miles* v. *Rose*, 5 Taunt. 705 ; *Vooght* v. *Winch*, 2 Barn. & Ald. 662.

In every action the verdict is conclusive as to the subject matter of the suit, and any matter particularly put in issue and found by the jury. And it will not be competent for a party in any other action to deny or plead any thing to the contrary of what has been so found and adjudicated. Thus, if the demandant in a writ of entry has a judgment against him by the tenant in a writ of trespass *quare clausum fregit*, upon an issue of soil and freehold, he cannot be permitted to say, that, at the time when the action of trespass was commenced, the soil and freehold was not in the tenant. So, if the tenant in a writ of right had before prevailed against the demandant in a writ of entry, on a plea of nul disseisin, the demandant cannot be permitted to say, contrary to the verdict, that the tenant had disseised him. He must go to trial upon his writ of right, with the disadvantages arising from the former verdicts against him, and he must establish his right of property in the writ of right, (which he was not called upon to establish in the former actions,) or he cannot prevail.

The law giving consecutive remedies for injuries to real estate, is recognised in all the books that treat upon real actions. It is stated by Booth, in the first page of his book. He recommends to begin with the lower, rather than with the higher remedy, for, says he, " a recovery in that of a lower nature will not be a bar to an action of an higher nature, and therefore it is not prudent to sue forth a writ of right when you may have a writ of entry." He cites *Ferrer's case*, 6 *Coke*, 7, where Lord *Coke* states the whole law upon the subject, summing it up from the Year Books. Roscoe, 213, refers to the same authority. The case is to be found in Cro. Eliz. 668. It was trover for an ox. There was no necessity for the court to have decided the various matters which were resolved in the case ; but if the readings and resolutions which we find in Lord *Coke's* reports, which were not necessary for the decision of the particular case, were struck out, an immense proportion of the common law there digested and clearly stated, would be lost, unless with infinite labor it should be collected from the Year Books and other black-letter authorities. The extra-judicial opinions of Lord *Coke* contain more of the common law than is to be found in

the writings of any other reporter before or since his time His mode of reporting however should be considered as the exception to the general rule, rather than the one which should be adopted at this day.

It was *resolved* in Ferrer's case, that there is a difference between real and personal actions ; that in personal actions the bar is perpetual, for the plaintiff cannot have an action of a higher nature ; but if the demandant be barred in a real action by judgment upon verdict, demurrer, confession &c., yet he may have an action of a higher nature and try the same right again, because it concerneth the freehold and inheritance. Lord *Coke* proceeds to state many examples.

But a bar in one action is a bar to another of the same nature ; as of actions wherein the demandant declares upon his own possession, judgment in one shall bar another. So in actions ancestral, wherein the demandant counts upon the seisin of his ancestor, judgment in one shall be a bar to another.

It is not perfectly exact to say that the same right, or the same matter, is tried in the higher action, which was before tried in the action of a lower degree. It is not strictly so. For the causes of action in trespass *quare clausum fregit* and in the various writs of entry, relate to the right of possessio. and of entry. But in a writ of right the demandant counts upon a fee simple, and a deforcement. It is the appropriate and highest remedy for an injury to the right of property.

It is true, indeed, that all these actions may relate to the same lands. In that sense only is the same matter tried again, but each presents a different cause of action.

And the same evidence may be competent, to prove the issues in trespass, entry, and the writ of right. For example, suppose that A claims the land by a deed from B, bearing date ten years before A's writ of trespass. And that B claims the land by a descent from his father as his sole heir, and a possession of forty years. A may bring his action of trespass *quare clausum fregit* against B. A may give his deed in evidence on an issue of soil and freehold pleaded. Suppose that B denies that he ever made the deed to A, and brings witnesses to prove that it is a forgery ; and that A

brings witnesses to prove the deed. Now, if the jury believe A's witnesses, he will recover his damages for the trespass. If they believe B's witnesses, B will recover his costs. Well, suppose the jury believed B's witnesses, and A lost the case. A might afterwards bring his writ of entry, upon his own seisin within ten years, and offer his deed and the same witnesses to prove it, which he produced on the trial of the question of soil and freehold in the writ of trespass. If the jury believed them, they would find that B had disseised A, and A would have judgment for his possession. If the jury believed B's witnesses, they would find that he had not disseised A, and B would recover his costs. Still the right of property remains to be tried. There has not been any issue upon that question, and there has not been any issue upon the deed. A may afterwards sue his writ of right, and produce the same deed and the same witnesses to prove it, and if the jury should believe the evidence produced by A, they would find that he had better right to recover than B had to hold, and A would have judgment to recover the land.

But suppose that A, in his writ of entry, had specially set forth B's deed, and alleged that thereby he became seised, and that afterwards B disseised him, and that B should have pleaded that it was not his deed, and the jury should have found that it was not his deed. If A should afterwards sue his writ of right, he could not avail himself of the deed in evidence in support of his action, because of the verdict against the deed in the former trial ; and if A had no other evidence to prove his right, he would not prevail. The former verdict upon the issue of *non est factum* would be conclusive against A upon that point.

But where the deed was offered only in evidence, and no issue was joined upon it, the party is not precluded from offering it again, with such competent evidence as he may have to support it, in any subsequent action between the same parties.

In the case of *Outram* v. *Morewood*, 3 East, 351, Lord *Ellenborough* reviewed this subject very ably and elaborately. " The plea," (*liberum tenementum*,) says he, " would be con-

<div align="right">Arnold<br>v.<br>Arnold.</div>

clusive, that, at the time of pleading it, the soil and freehold was in the defendant, and if properly pleaded by way of estoppel, it would estop the plaintiff from alleging to the contrary. But if not brought forward by plea, but only offered in evidence, it would be material evidence, indeed, that the right of freehold was at the time as found, but not conclusive between the parties, as an estoppel would be." *But if pleaded, it would only go to the right of freehold, and not to the right of property or fee simple.*

To a writ of right, (says Booth, *p.* 113,) "a man may plead the special matter (as a recovery in assize) and conclude to the right, *et sic melius droit, et ponit se super assisam, utrum* &c., for a recovery in assize cannot be in bar of a writ of right, because it only fortifies and evidences the right *of possession*, but not the *mere* right."

The proposed averment by parol, that the fact submitted to the jury in the action of trespass, or in the action in a writ of entry, was upon the mere right of property, is utterly inconsistent with the issues joined in those actions.

We have seen that the judgment itself in those actions, would not be a bar to a writ of right. *A fortiori*, the evidence offered in them, upon which no issue was joined or taken, cannot be a bar.

We admit that any fact settled by the pleading and a judgment on a verdict, in any action, cannot be denied, by the party against whom it was found, in any subsequent action between the same parties. But the parties are concluded only as to the fact distinctly pleaded and put in issue. *Spooner* v. *Davis et ux.* 7 Pick. 149.

The only instance in our practice, of trying the same fact a second time, is in virtue of the absurd statute regulation which gives the losing party a right to appeal from a verdict after a full trial, merely because he does not like it. He is allowed to try it again by a jury drawn from the same box, who cannot be supposed to be better qualified to find out the truth than the first jury was. If the second jury should give a different verdict, the case would seem to be left in great doubt, as twelve good men and true have said the fact is so, and twelve others as good and true, have said it is not

so. If this statute provision should remain, it would seem reasonable to allow the parties a third trial ; which might well be called the rubber trial. But the provision is contrary to the wholesome doctrine of the common law, that a verdict is to be taken for the truth, and ought not to be set aside at the mere will of the losing party, but for legal cause to be satisfactorily shown to the Court.

But if the cause of action has been once tried, it shall not be tried again. The judgment shall be conclusive upon the parties as to the subject matter of the action. This rule applies as well to real, as to personal actions. It is stated in *Kitchin et al.* v. *Campbell*, 3 Wils. 304 ; *S. C.* 2 W. Bl. 827 ; *S. P.*, *Rice* v. *King*, 7 Johns. R. 21.

We must therefore ascertain, in every case, where a judgment in a former action is pleaded in bar, precisely what was judicially settled in the former action, and what was the cause of that action, and what is the cause of the action to be tried.

For example, suppose that A should take the horse of B, without B's consent, and should sell it and apply the money to A's own use. Now B has but one action for that cause. He may sue A in trespass, and recover his damages, or he may waive the tort and bring assumpsit for the proceeds of the horse. Either action would be for the same cause, viz. for taking B's horse and appropriating it to A's own use. If he elected to bring an action of trespass and failed, he would be precluded from having an action of assumpsit for the proceeds, because the latter action would be for the same cause as the former. The evidence in the one action would have been competent in the other. Proof that the horse belonged to B, and that A had taken and sold it without B's consent, would have maintained trespass or assumpsit.

There are no degrees in personal actions, but the right of property, the whole subject matter in controversy, would be settled and finally determined in the single proper personal action which the party injured should elect to bring. *Vid.* Com. Dig. *Action*, *H* 3.

But in actions touching the realty we have seen that the party injured may proceed *gradatim*. The causes of action set forth in the possessory actions would relate only to, and

Arnold
v.
Arnold.

conclude only as to right of possession and of entry, while the cause of action in the writ of right would be for a deforcement from the fee simple estate. And these causes of action, although relating to the same land, and although the same evidence might be relevant in each, are as essentially different from each other as a limited differs from an absolute right.

In conclusion, we are all of opinion, that the plea in bar is bad, and that judgment shall be rendered for the demandant.*

---

* Another action determined at the same time, was a writ of right, brought by *James Bates et ux.* v. *Jacob Thompson*, counting on the seisin of one Davison, an ancestor. The tenant pleads, that in 1830 the demandants sued out a writ of entry against him for the same land, to which he pleaded that he did not disseise Davison, upon which plea issue was joined to the country; that the issue was tried, and a verdict returned in favor of the tenant, and judgment was thereupon rendered against the demandants; and the tenant avers that the only matter submitted to the jury, was the validity of a certain deed by which Davison, on January 31, 1820, granted the land to the tenant, his heirs and assigns, with covenants of seisin and warranty, under which the tenant entered upon the land, and has ever since held possession of the same and that the only right claimed by the demandants was by reason of the alleged invalidity of that deed, and the verdict was founded solely upon the validity of it; and the tenant further avers, that the demandants have now no right except by reason of the supposed invalidity of the deed, which is the same question, right and title, decided against them and in favor of the tenant in the former suit.

For the reasons stated in the case of *Arnold* v. *Arnold*, this plea was held bad